

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2001

# Woodside v. School Dist. Phila.

Precedential or Non-Precedential:

Docket 00-1158

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Woodside v. School Dist. Phila." (2001). *2001 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 23, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1158

J. STEPHEN WOODSIDE; REBECCA R. WOODSIDE,
HUSBAND AND WIFE, ON THEIR OWN BEHALF AND AS
PARENTS AND NEXT FRIEND OF ROBERT HENR Y
WOODSIDE, A MINOR,
Appellants,

v.

THE SCHOOL DISTRICT OF PHILADELPHIA BOARD
OF EDUCATION

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 99-CV-01830)
District Court Judge: Raymond J. Broderick

Argued on March 7, 2001

Before: ALITO, MCKEE and KRAVITCH,*
Circuit Judges.

(Opinion Filed: April 23, 2001)

        J. STEPHEN WOODSIDE (Argued)
        123 South Broad Street, Suite 1812
        Philadelphia, PA 19109

        Counsel for Appellants
_____

* The Honorable Phyllis A. Kravitch, Senior Judge, United States Court
of Appeals for the Eleventh Circuit, sitting by designation.

        GLENNA M. HAZELTINE (Argued)
        School District of Philadelphia
        Office of General Counsel
        2130 Arch Street, 5th Floor
        Philadelphia, PA 19103

        Counsel for Appellee

OPINION OF THE COURT

KRAVITCH, Circuit Judge:

I.

This case presents an issue of first impr ession in this Circuit: whether a parent who is an attor ney can receive attorney fees for representing his minor child in administrative proceedings under the Individuals with Disabilities Education Act, 20 U.S.C. S 1400 et. seq. ("IDEA").

II.

The plaintiff, J. Stephen Woodside ("Woodside"), is a licensed Pennsylvania attorney. Woodside's son, Robert Henry Woodside ("Henry"), born on January 28, 1993, has a chromosomal disorder, Klinefelter Syndrome, which causes speech and language delays, motor planning difficulties, hypotonia and overall delay in muscle development resulting in physical weakness. These disabilities make Henry eligible for educational and related services under the IDEA. Upon Henry's enrollment in kindergarten at a school in the School District of Philadelphia (the "School District"), W oodside and his wife (the "Woodsides") had a disagreement with the School District regarding the level of services prescribed for Henry under the IDEA. Specifically, the Woodsides objected to the frequency, duration, and delivery mode of Henry's physical and occupational therapy at school. As a result, the Woodsides requested an administrative due process hearing on Henry's behalf under the IDEA. Woodside r epresented

2

Henry throughout the hearing, which lasted seven sessions from September 11, 1999 to December 16, 1999. After the hearing, the School District was ordered to provide Henry with separate, hour-long occupational and physical therapy sessions each week--exactly the relief r equested by the Woodsides. Woodside then filed suit under the IDEA in district court, seeking attorney fees he claims to have earned representing Henry thr oughout the administrative proceedings and in connection with filing the district court suit. The district court entered summary judgment in favor of the School District on Woodside's claim for attorney fees, and Woodside appealed.

III.

"This Court exercises de novo review over a district court's grant of summary judgment. Summary judgment is appropriate `if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. We view the facts in the light most favorable to the party against whom summary judgment was entered." Foehl v. United States, 238 F.3d 474, 477 (3d Cir. 2001) (citations omitted).

IV.

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. S 1415(i)(3)(B). The sole issue here is whether this provision authorizes an awar d of attorney fees to an attorney-parent who repr esented his child in administrative proceedings under the IDEA. Although this is an issue of first impression in this Cir cuit, a panel of the Fourth Circuit has answered the question in the negative in a case factually similar to this one. See Doe v. Board of Educ. of Baltimore County, 165 F.3d 260 (4th Cir. 1998), cert. denied, 526 U.S. 1159 (1999).

3

In Doe, the court held that an attor ney–parent who won a favorable award for his child pursuant to administrative proceedings under the IDEA was not entitled to attorney fees for his work representing the child. In reaching its decision, the court noted "that fee-shifting statutes are meant to encourage the effective prosecution of meritorious claims, and that they seek to achieve this purpose by encouraging parties to obtain independent repr esentation." 165 F.3d at 263. The court explained that"[l]ike attorneys appearing pro se, attorney-parents are generally incapable of exercising sufficient independent judgment on behalf of their children to ensure that `r eason, rather than emotion' will dictate the conduct of the litigation." Id. (citation omitted). The Doe court based its holding on the reasoning of a Supreme Court opinion in which a unanimous Court held that a pro se plaintiff who is an attorney cannot be awarded attorney fees under the fee-shifting provision of the Civil Rights Attorney's Fees Awar ds Act, 42 U.S.C. S 1988(b), which contains language very similar to the IDEA fee-shifting provision.1See Kay v. Ehrler, 499 U.S. 432 (1991). In Kay, the Supreme Court, citing the adage that "a lawyer who represents himself has a fool for a client," reasoned that "[t]he statutory policy of furthering the successful prosecution of meritorious [civil rights] claims is better served by a rule that creates an incentive to retain [independent] counsel," rather than a rule that creates an incentive to represent one's self. See 499 U.S. at 438.

The court in Doe acknowledged, as Woodside here argues, that a parent who represents his child under the IDEA does not act pro se. See 165 F.3d at 263–64. It recognized, however, that the danger of inadequate r epresentation is as great when an emotionally charged par ent represents his minor child as when the parent repr esents himself. See id. Because the policy behind the IDEA's fee-shifting pr ovision is to encourage the effective prosecution of meritorious claims, the Doe court concluded that the better rule is one which encourages parents to seek independent, emotionally detached counsel for their children's IDEA actions, and

_____

1. Section 1988(b) provides in part that"the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the
costs."

4

thus held that attorney-parents cannot r ecover fees for representing their children in IDEA cases. Id. at 265.

Because we agree with the Supreme Court's reasoning in Kay and the Fourth Circuit's conclusion in Doe, we join the Fourth Circuit in holding that an attor ney-parent cannot receive attorney fees for work repr esenting his minor child in proceedings under the IDEA. The district court's judgment is therefore

AFFIRMED.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit